UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIONNE WURTZ,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
v.                                               )        Case No. 4:25-CV-1609-ZMB
                                                 )
THE BOEING COMPANY,                              )
                                                 )
            Defendant.                           )

## MEMORANDUM AND ORDER

Before the Court is Defendant The Boeing Company's Motion to Dismiss Count II. Doc. 10.

Because Plaintiff Tionne Wurtz has failed to state a cognizable claim of hostile work environment

under the Missouri Human Rights Act (MHRA), the Court dismisses that count without prejudice.

## BACKGROUND

### I.    Factual Background[1]

Wurtz was hired by Boeing as an accountant in September 2023. Doc. 6 ¶ 10. She alleges

that two of her supervisors at Boeing were prejudiced against her and other African Americans.

*Id*. ¶¶ 11–12. In particular, their bias prompted undue scrutiny, which led to the termination of

several employees. *Id*. ¶ 13. Caucasian colleagues also enjoy better working conditions, including

a larger annual raise, extended lunch breaks, and exemptions from time-log requirements. *Id*.

¶¶ 14–15, 21. Wurtz experienced this discriminatory conduct firsthand. At one point, management

accused her of stealing time, *id*. ¶ 16, and they both complained that she was not working

independently and responded rudely when she asked questions about work, *id*. ¶¶ 17–18.

---

[1] The Court assumes that the factual allegations in Wurtz's Petition are true, as required at the motion-to-dismiss stage. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted).

Despite this mistreatment, Wurtz initially received positive feedback on her work and was given additional responsibilities in late 2023. *Id*. ¶¶ 19–20. However, she did not receive supplementary training that ordinarily was given to Caucasian employees. *Id*. ¶ 20. Before long, she was placed on a performance development plan, but she never received any "formal feedback or constructive criticisms on whether she was deficient in her progress." *Id*. ¶¶ 22, 24. Wurtz also was blamed for mistakes that were made by Caucasian colleagues. *Id*. ¶ 23. As a result, around this time, Wutz filed an ethics complaint about her manager's discriminatory treatment. *Id*. ¶ 30.

At the end of the performance development plan, Wurtz's manager told her she had not improved and gave her the choice between a severance package or a performance improvement plan. *Id*. ¶ 26. Wurtz opted for the latter, but she was never afforded a meeting with human resources to discuss her performance or any additional training. *Id*. ¶¶ 27–29. Wurtz was fired from Boeing a few months later. *Id*. ¶ 32.

## II.     Procedural Background

After her termination, Wurtz filed a Charge of Discrimination with the Missouri Commission on Human Rights, which issued a right to sue letter. *Id*. ¶¶ 33–34. Wurtz then filed suit against Boeing in Missouri state court in September 2025. *See* Doc. 6. Specifically, she advanced three claims under the MHRA: race discrimination (Count I), hostile work environment (Count II), and retaliation (Count III). *Id.* ¶ 4. Boeing timely removed the case, Doc. 1, and filed its Motion to Dismiss Count II, arguing that Wurtz failed to sufficiently state a claim for hostile work environment. Doc. 10 ¶ 3. After Wurtz opposed the motion and Boeing filed its reply, Docs. 13–14, the matter is ripe for adjudication.

**LEGAL STANDARD**

## I.    Motion to dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such motions "is to test the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and providing notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). Additionally, the complaint must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*

At the motion-to-dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken*, 140 F.4th at 450 (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## II.    MHRA claims for hostile work environment

"The MHRA prohibits an employer from discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment, because of [their] race." *Matthews v. Harley-Davidson*, 685 S.W.3d 360, 366 (Mo. banc 2024) (citation omitted). "In deciding a case under the MHRA, . . . courts are guided by both Missouri law and federal employment discrimination caselaw that is consistent with Missouri law." *Li Lin v. Ellis*, 594 S.W.3d 238, 242 (Mo. banc 2020) (citation omitted). Similar to Title VII, "generalized claims of discrimination based on a course of conduct, such as hostile work environment claims, are governed by the MHRA if the hostility was directed at an individual because of his or her status in a protected class." *Matthews*, 685 S.W.3d at 366.

"A hostile work environment . . . exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Martinez-Medina v. Rollins*, 144 F.4th 1091, 1097 (8th Cir. 2025) (quotation omitted). To establish such a claim, the plaintiff must show: (1) he is a member of a group protected under the MHRA; (2) he was subjected to unwelcome harassment; (3) the claimant's membership in the protected group was a motivating factor in the harassment; and (4) a term, condition, or privilege of the claimant's employment was affected by the harassment." *Mathews*, 685 S.W.3d at 367 (citation and alterations omitted). To survive a motion to dismiss, the plaintiff must cite to "[m]ore than a few isolated incidents," and any "alleged harassment must be so intimidating, offensive, or hostile that it poisoned the work environment." *Blomker v. Jewell*, 831 F.3d 1051, 1057 (8th Cir. 2016) (quotations omitted); *see also Young v. Mo. Dep't of Corr.*, 691 S.W.3d 815, 824 (Mo. Ct. App. 2024) ("The standard for proving this fourth element is demanding." (citation omitted)). Unless extremely serious, "isolated incidents" will not suffice, as trial courts must "*filter out complaints* attacking the ordinary tribulations of the workplace." *Blomker*, 831 F.3d at 1057 (citation omitted).

4

**DISCUSSION**

In its motion, Boeing argues that Wurtz failed to adequately plead any harassment, let alone harassment severe enough to affect a term of her employment. Doc. 10 ¶ 5. For her part, Wurtz contends that her supervisors' disparate treatment of African American employees constituted harassment. Doc. 13 at 6–7. Further, she notes that the mistreatment was "pervasive" and affected her work conditions, citing the daily logs she was required to complete, her performance plans, and her ultimate termination. *Id.* at 8. But because her Petition fails to explain the nature and extent of the alleged harassment or how it objectively affected a term of her employment, Wurtz fails to establish the second and fourth element of a hostile work environment claim.

To show harassment, Wurtz alleges that supervisors treated her poorly—for example, by accusing her of "stealing time" and "not working independently." *Id.* at 6.  But Wurtz fails to indicate the contents of what was said, how it was either "intimidating" or "hostile," or the frequency of such comments. Courts require more to establish "the type of extreme workplace conduct necessary to constitute a hostile work environment." *Travis v. Perdue*, 2021 WL 328916, at *7 (W.D. Mo. Feb. 1, 2021) (granting dismissal of a hostile work environment claim based on "five relatively benign incidents" and collecting cases). Indeed, this Court dismissed a nearly identical claim in a parallel case related to the same supervisors. *Speed v. The Boeing Co.*, No. 4:25-CV-1606-JSD, Doc. 25 at 6 (E.D. Mo. June 15, 2026). And while Wurtz complains that she and other African American employees had to provide daily logs, received fewer breaks, and got less of a raise than Caucasian colleagues, Doc. 6 ¶ 14–16, 21, these allegations do not rise above the level of "ordinary tribulations of the workplace." *See Anderson v. Durham D & M*, 606 F.3d 513, 519 (8th Cir. 2010). Even if Wurtz ultimately shows that this treatment was discriminatory, more is needed to establish a hostile work environment claim. *See Hassan v. Amazon.com Servs.*,

5

2025 WL 591313, at *8 (D. Minn. Feb. 24, 2025) ("A plaintiff's allegations of discrimination based on a discrete event are not broad enough to encompass hostile work environment claims." (quotation omitted)). As such, Wurtz's hostile work environment claim fails at the second element.

Wurtz also failed to sufficiently pled the fourth element because any harassment did not affect a term of employment. This element "involves both objective and subjective components," requiring allegations that the conduct complained of is "severe or pervasive enough to create an objectively hostile or abusive work environment and the victim must subjectively believe her working conditions have been altered." *Blomker*, 831 F.3d at 1056 (quotation omitted).[2] Wurtz argues that her manager's conduct "altered the conditions of [her] employment." Doc. 13 at 9. But the Petition does not establish an objectively hostile work environment. As noted above, the disparate treatment Wurtz alleges is distinct from harassment, and she fails to describe the severity and frequency of her supervisors' rude behavior. But to meet the objective component, "[t]he conduct must be extreme, not just rude or unpleasant." *Smith v. Crittenden Cnty.*, 2024 WL 2194847, at *10 (E.D. Ark. May 15, 2024) (citation omitted). Indeed, this Court has found far more detailed allegations insufficient. *See Agnew v. Brennan*, No. 4:17-CV-267-CDP, 2017 WL 1684736, at *3 (E.D. Mo. May 3, 2017) (finding no hostile work environment existed where a manager yelled at the plaintiff in front of others and two managers followed plaintiff to her workstation); *Pinckney v. Sansone Grp.*, No. 4:19-CV-2654-JMB, 2020 WL 2114579, at *3 (E.D. Mo. May 4, 2020) (same where plaintiff's subordinate and supervisor made racially insensitive

---

[2] Wurtz argues that this standard does not apply at the motion-to-dismiss stage. Doc. 13 at 7–8. While the "objective-subjective" standard originally was applied at the summary judgement stage, the Eighth Circuit extended this analysis to motions to dismiss in *Blomker* and has continued to apply it at that stage. *See* 831 F.3d at 1056; s*ee also Warmington v. Board of Regents of Univ. of Minn.*, 998 F.3d 789, 799 (8th Cir. 2021) (affirming the district court's application of an "objective-subjective" standard in dismissing a claim of hostile work environment)

comments and expressed racist attitudes toward plaintiff). As a result, she has not adequately alleged the fourth element, and her hostile work environment claim fails.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant The Boeing Company's [10] Motion to Dismiss and dismisses Count II without prejudice.

So ordered this 23rd day of July 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE